UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Madeline Cox Arleo |
| | : | |
| v. | : | Criminal No. 19-68 (MCA) |
| | : | |
| RICHARD ADEBAYO and | : | |
| AMOS PETER AGBAJAIFE | : | |

**PROTECTIVE ORDER**

This matter having come before the Court on the application of the United States, by Craig Carpenito, United States Attorney for the District of New Jersey (by Jamel Semper and Catherine R. Murphy, Assistant U.S. Attorneys, appearing) concerning the use of discovery materials, including any documents or other information subject to the Government's disclosure obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Title 18, United States Code, Section 3500, *Brady v. Maryland*, *United States v. Giglio*, and marked trial exhibits that contain the following information: (1) a third party's (a) social security number; (b) taxpayer-identification number; (c) birth date; (d) financial-account number; (e) home address; (f) telephone number; (g) email address; or (h) account password or pin number; (2) the applications and affidavits in support of search warrants obtained during the investigation; and (3) any other discovery materials that the parties designate as "CONFIDENTIAL" (hereinafter, "Confidential Discovery Materials"); and

The procedure to regulate the disclosure and use of the Confidential Discovery Materials will not impede Defendant Adebayo's preparation of

defenses, but merely will protect against the improper dissemination or use of any Confidential Discovery Materials; and

For good cause shown,

IT IS on this 6 day of April, 2019

ORDERED that:

1. In addition to making the Confidential Discovery Materials available to the defense for inspection and review, the Government is authorized to provide defense counsel with his own copies of Confidential Discovery Materials to facilitate preparation for trial.[1]

2. The Confidential Discovery Materials shall be used by Defendant Adebayo and/or defense counsel only in the preparation of the defense in this case.

3. Access to Confidential Discovery Materials will be restricted to personnel authorized by the Court, namely, (1) defense counsel, and associated attorneys, paralegals, investigators, experts (retained pursuant to a written retainer agreement, by Defendant Adebayo and/or his defense counsel in connection with the criminal case, and the experts' employees and support personnel), and secretaries employed by defense counsel and performing services on behalf of Defendant Adebayo (collectively, the "Defense"), (2) individuals who the Defense in good faith believes may either be a prospective witness in the

---

[1] On October 27, 2017, the Court granted Defendant Adebayo's request to represent himself in this matter. (Crim. No. 15-550, ECF No. 71.) The Court has appointed standby counsel for Defendant Adebayo. (Crim. No. 15-550, ECF No. 81; Crim. No. 19-68, ECF No. 16.) The references herein to "defense counsel" also apply to standby counsel.

2

action, or who may be able to provide the Defense with leads for purposes of defending this action, (3) third-party consultants (and their employees and support personnel), and/or litigation support vendors or services, including outside copying services or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, and (4) such other persons as hereafter may be authorized by the Court upon a Defendant's motion.

4. Notwithstanding the provisions of Paragraph 3, the Defense may discuss or review Confidential Discovery Materials with other individuals, including prospective witnesses and their counsel, as necessary to prepare the defense, but the Defense shall not permit such individuals to possess or retain Confidential Discovery Materials or duplicate versions.

5. The following restrictions will be placed on the individuals described in Paragraph 3 unless further ordered by the Court. These individuals shall not:

    a. Duplicate Confidential Discovery Materials for, or allow copies of any kind to be made by, any other person not described in Paragraph 3, or allow Confidential Discovery Materials to be otherwise disseminated;

    b. Allow any person to read, view, or possess Confidential Discovery Materials except as provided in Paragraphs 3 and 4; or

    c. Use Confidential Discovery Materials for any other purpose other than in connection with the preparation of a defense against the charges in this matter.

6.     The Defense shall advise any person to whom Confidential Discovery Materials are disclosed by the Defense that such information should be held in strict confidence and that the person must comply with the restrictions of paragraphs 2 and 5 above.

7.     Except as provided in Paragraphs 3 and 4, the Defense shall not disclose Confidential Discovery Materials to any person without leave of Court obtained on application to the Court and with notice to the Government.

8.     If any party, including the Government, includes any Confidential Discovery Materials in connection with the filing of a motion, that party shall file such materials provisionally under seal. Any party shall have ten days from the date of such filing to file a formal motion to seal any or all such materials, which may be opposed by any other party. If the Court grants the motion to seal, the materials at issue in the motion to seal shall remain under seal. If no motion to seal is filed, or such motion is denied, the materials shall be unsealed.

9.     Any Confidential Discovery Materials filed with the Court must comply with the provisions of Rule 49.1 of the Federal Rules of Criminal Procedure. The Defense may disclose the Confidential Discovery Materials for use at trial, subject to Fed. R. Crim. P. 49.1 and any other applicable law or rules.

10.    This order is binding on all future and successor counsel.

11.    This order applies retroactively to Confidential Discovery Materials that the Government has already produced to Defendant Adebayo and/or defense counsel in Criminal No. 15-550 (MCA) and Criminal No. 19-68 (MCA),

4

and also applies to any Confidential Discovery Materials that the Government may produce after the date of this order.

12.   Within a reasonable period of time following the conclusion of this litigation (*i.e.*, when Defendant Adebayo has exhausted any rights of direct appeal from any judgment and conviction resulting from a trial or guilty plea, and the conclusion of any habeas proceedings; or the one-year limitation period to bring a petition pursuant to 28 U.S.C. § 2255, if no such petition is filed prior to that time), Defendant Adebayo and/or defense counsel shall collect and return to counsel for the United States all additional copies of the materials containing Confidential Discovery Materials (excluding any materials over which Defendant Adebayo and/or defense counsel has a proprietary or ownership interest).

13. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

IT IS SO ORDERED this __6__ day of April, 2019:

_____
HON. MADELINE COX ARLEO
United States District Judge