

CHRISTOPHER ADAMS
CHRISADAMS@CDADAMS.COM
PHONE: (732) 837-4544
FAX: (732) 837-3002

June 14, 2019

Hon. Madeline Cox Arleo, U.S.D.J.
United States District Court
MLK Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    *RE:*    *United States v. Richard Adebayo*
             *Criminal No. 19-00068 (MCA)*

Dear Judge Arleo:

      Please accept this letter application in lieu of a more formal motion to suppress the apple laptop computer and all evidence derived therefrom on the basis that files were accessed after Mr. Adebayo's arrest, while the laptop was in the custody of the government and prior to the authorization of the search warrant. In addition to the government violating Mr. Adebayo's Fourth Amendment rights, we further move to preclude any use of the apple laptop computer pursuant to Fed. R. Evid. 403 because more than 5000 files on the computer were accessed, modified or otherwise damaged while in the custody of the government and prior to the forensic image being made. The defense will never be able to determine the extent of the damage, and as such, the prejudice that would impact Mr. Adebayo substantially outweighs any probative value the computer would offer.

      Mr. Adebayo proceeded *pro se* in this case until Wednesday, June 5, 2019. On that same day, at Mr. Adebayo's request, the Court ordered that counsel immediately step in and represent Mr. Adebayo at trial. The jury was selected on June 6 and 7, and the Court allowed a continuance of one week so that defense counsel could prepare for trial.

      In order to effectively represent Mr. Adebayo, counsel retained the services of a computer forensic expert to consult and advise with regard to the digital forensic evidence the government intends to introduce at trial. On Wednesday, June 11, 2019, the defense requested a copy of the forensic image of the apple laptop computer that was in Mr. Adebayo's possession at the time of the arrest. This computer is the subject of a detailed forensic expert report that the government intends to introduce at trial through a forensic expert, Special Agent William Belanger (Gov. Exh. 600). On that same date, we provided the government with the CV of John Lucich, the computer forensic expert retained by the defense.

Mr. Lucich picked up the forensic image from the government on June 12, 2019 at 10 am. The government was very accommodating at making sure we had access to it as quickly as possible. After initial review of the image, our expert advised that the computer had been accessed prior to the search warrant authorization while in the government's custody. In an abundance of caution, we immediately gave written notice to the government pursuant to Rule 26 that we intend to rely on John Lucich as an expert. We gave further notice under subsection 2(c) of the rule of a statement of the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions to which the witness is expected to testify. Specifically, our notice read:

> Please be advised that pursuant to Rule 26, notice is hereby given that the defense reserves its right to call John Lucich as an expert witness in the field of computer forensic science. We provided Mr. Lucich's CV to you yesterday. Pursuant to subsection 2(C), please be advised that facts and opinions of which Mr. Lucich intends to testify include the appropriate computer forensic procedures to be followed in an examination, the manner in which the Apple Laptop Computer was examined in this case, and the facts and evidence disclosed in the report of William Belanger. Should you have any questions, please do not hesitate to contact me.

Since then, we have come to learn from our expert the severity of the situation. Law enforcement took custody of the apple computer on April 1 at the time of the arrest. That fact is established by numerous reports which are pre-marked government exhibits and signed by Det. Mendelsohn of the Millburn Police Department. (JA-25; JA-28). Millburn PD turned those items over to Homeland Security Investigations Special Agent Ricky Miller on April 2, 2014 at approximately 2:30 pm, as evidenced by the chain of custody. (Gov. Exh. 636). The warrant authorizing the search of the computer was not executed until April 11, 2014 by Magistrate Judge Dickson.

After law enforcement took custody of the computer, our expert has discovered operating system activity on the computer. System activity means that the computer was somehow accessed and the integrity of the evidence compromised prior to the warrant allowing the government to search it. According to our expert, this system activity means that the manner in which the government kept custody of the computer was such that files were overwritten, accessed, and/or otherwise modified. It is unknown if this was knowing and intentional. Putting aside the constitutional violation, it is also contrary to proper forensic procedure as well as proper evidence handling procedure. It is the equivalent of the plastic bag holding the glass with fingerprints to be opened and touched before it is examined for fingerprints. That would have the ability to remove existing prints, or place new ones on the glass. The same is true for the computer. This activity

altered the state of the evidence after it left Mr. Adebayo's possession and prior to examination. It's reliability has now been compromised.

The activity discovered by our expert is as follows:

1. On April 1, 2014, 252 files were accessed between the hours of 2:16 pm and 3:27 pm. It is impossible to know what was modified or by whom, except that we know that SA Miller take custody at 2:30 pm that day.
2. On April 3, 2014, 49 files were accessed. It is impossible to know what was modified or by whom.
3. On April 11, 2014, the search warrant was authorized.
4. On April 11, 2014, 4937 files were accessed. It is impossible to know what was modified or by whom, but even though the search was presumably authorized by this time, the manner in which the computer was explored was not forensically sound and allowed for further contamination of the evidence.
5. On April 14, 2014, Special Agent William Belanger acquires a forensic image of the laptop computer, which then allows for examination without any alteration.

The extent of the damage to the evidence will never be known. Worse yet, there is no mention of this in any report by Special Agent Miller, nor did the forensic expert, Special Agent Belanger, mention this data, which was immediately apparent to our expert. We are now alerting the Court and making this motion without the final report of our forensic expert. We will supplement this application when we receive his report and make the report and the expert available to the Court and the government.

Accordingly, we move as follows:

1. Suppress the apple laptop for violation of Mr. Adebayo's 4th Amendment right;
2. Preclude the apple laptop as evidence in trial and preclude any testimony or evidence derived therefrom on the basis of prejudice under Fed. R. Evid. 403 because the defense will never be permitted to examine or determine what those more than 5000 newly created modifications/deletions/alterations destroyed;
3. Preclude the apple laptop as evidence in trial and preclude any testimony or evidence derived therefrom on the basis of prejudice under Fed. R. Evid. 403 because the evidence has been compromised and no witness can testify as to the cause, extent or nature of the modifications and the integrity of the evidence has been compromised;
4. Preclude the apple laptop as evidence in trial and preclude any testimony or evidence derived therefrom on the basis of prejudice under Fed R. Evid. 403 because proper forensic examination procedures were not followed, and deviations were not noted by the

government expert.  If proper forensic procedures were followed, the integrity of the evidence would have been preserved;

5. In the alternative, if the Court denies the previous relief sought, we seek the Court's permission to allow John Lucich to testify at trial as an expert on this issue.

Respectfully yours,

CHRISTOPHER D. ADAMS

CDA
cc:   AUSA Catherine R. Murphy
      AUSA Jamel Semper